# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLANIYAN ADEFUMI,<br>    Plaintiff,<br><br>v.<br><br>REBECCA PROSPER,<br>    Defendant. | :<br>:<br>:<br>:    CIVIL ACTION NO. 18-CV-5341<br>:<br>:<br>: |

## MEMORANDUM

RUFE, J.                                                                         DECEMBER 19th, 2018

Plaintiff Olaniyan Adefumi brings this civil action against Rebecca Prosper based on allegations that Prosper's actions in a prior lawsuit violated his constitutional rights. Adefumi seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Adefumi leave to proceed *in forma pauperis* and will dismiss his Complaint.

## I. FACTS[1]

In March of 2015, Adefumi filed a civil action against Dr. Sharon Lim in which he alleged that the doctor touched him inappropriately while he was seeking treatment in a health clinic run by the City of Philadelphia.[2] *Adefumi v. Lim*, Civ. A. No. 15-1101 (E.D. Pa.). Propser, an attorney at the City Law Department, was one of the attorneys representing Dr. Lim. On

---

[1] The following facts are taken from the Complaint and public dockets.

[2] In the instant civil action, Adefumi identifies Dr. Lim as a Defendant on the second page of the Complaint, even though he identified Prosper as the only Defendant in the caption of the Complaint in accordance with Federal Rule of Civil Procedure 10(a). In the event Adefumi sought to reassert his claims against Dr. Lim, those claims are dismissed on the basis that they were already raised and litigated in Adefumi's prior lawsuit. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012)( "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.").

1

October 17, 2017, the Honorable J. William Ditter Jr., who was presiding over the case, issued an order that, among other things, directed Prosper to "communicate to Mr. Adefumi the names and addresses of the fact witnesses that may testify at trial" on or before November 1, 2017. *Id.* (ECF No. 32).

On October 31, 2017, Adefumi moved to amend his complaint. Judge Ditter denied that motion and Adefumi filed an amended complaint anyway, which Judge Ditter struck from the docket. The docket reflects that the case proceeded through discovery. As discovery was proceeding, Adefumi indicated in Motions that he filed with the court that Propser

> violated the law <u>when</u> she created an investigation that she claimed . . . that [he] delivered the court notice to Dr. Lim. This is not true and both Dr. Lim and myself state that [he] did not deliver a court notice to Dr. Lim.

*Id.* (ECF No. 56); *see also id.* (ECF No. 57). In orders dated April 17, 2018, Judge Ditter informed Adefumi that if he sought to make a claim against Prosper, he would be required to do so "by a separate action." *Id.* (ECF Nos. 58 & 59).

In a Memorandum and Order dated July 23, 2018, Judge Ditter granted Dr. Lim's motion for summary judgment on Adefumi's claims. *Id.* (ECF Nos.70-72). On October 19, 2018, Adefumi filed a notice of appeal. *Id.* (ECF No. 73). The appeal was listed for a possible jurisdictional defect but remains pending. In the meantime, Adefumi's case was reassigned to the undersigned. Adefumi filed a Motion "inform[ing] [the] court of [Prosper's] bad practices" because Prosper claimed he "delivered the court notice to Dr. Lim [but] to do that is illegal." *Id.* (ECF No. 77). In a November 30, 2018 Order, the Court dismissed the motion and explained to Adefumi that if he sought to raise a claim against Prosper, he "must file a separate action in the appropriate jurisdiction." *Id.* (ECF No. 78).

2

On December 11, 2018, Adefumi filed the instant civil action against Prosper based on her conduct in her capacity as opposing counsel in the prior litigation. Adefumi alleges that Prosper

> Violated Amendments 6 and 7. She did not report her witnesses by the due[ ] date of November 01, 2017, and she did not report the known truth to the court but wrote about my previous criminal behavior. I have had no criminal record/s.

(Compl. at 4.)[3] As in the Motions he filed in his prior case, Adefumi mentions that Prosper falsely claimed that he delivered a court notice to Dr. Lim. Adefumi claims that the legal team was "full of lies" and notes that "taxed dollars are being used to hurt tax payers." (*Id.* at 6.) As relief, he asks that Propser have a "record for the creation of her false statement, and all other false statements" and be forced to essentially pay a fine. *Id.*

## II. STANDARD OF REVIEW

The Court grants Adefumi leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. As Adefumi is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations and naked assertions do not suffice. *Id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Adefumi is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

3

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Adefumi suggests that his Sixth and Seventh Amendment rights were violated because Prosper failed to provide a list of witnesses for trial by November 1, 2017 in accordance with the operative scheduling order and because she falsely represented that he delivered a court notice to Dr. Lim. However, the Sixth Amendment, by its terms, applies to criminal, not civil trials. U.S.Const. amend. IV; *see also Greenfield v. Dep't of Corr.*, No. CIV.A. 09-1969 JLL, 2011 WL 3203730, at *13 (D.N.J. July 27, 2011) ("[T]he Confrontation Clause applies only to criminal proceedings—not to civil commitment proceedings."). Nor is there any basis for a Seventh Amendment violation here—Adefumi's case never proceeded to trial because Judge Ditter granted summary judgment and it is not clear how anything Prosper is alleged to have done could amount to a Seventh Amendment violation.

In the event Adefumi's case could be construed as raising due process claims, he has not explained how he was harmed in any way as a result of Propser's actions. He also does not explain how any of the conduct alleged deprived him of a liberty or property interest, interfered with his lawsuit to the extent it amounted to a constitutional violation, or why the appellate process is insufficient to resolve errors or deprivations that may have occurred in the course of his litigation. Furthermore, this Court lacks the authority to initiate criminal proceedings against Prosper if that is what Adefumi is seeking, which is unclear. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

4

(1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam). In sum, nothing in Adefumi's Complaint plausibly suggests that his constitutional rights were violated, so he has not stated a § 1983 claim.

Adefumi does not appear to be raising any state law claims but if he intended to do so, there is no apparent basis for jurisdiction over those claims. The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As the Complaint does not suggest that the parties are diverse, there is no apparent basis for jurisdiction over any state claims here.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Adefumi leave to proceed *in forma pauperis*, and dismiss Adefumi's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it does not appear that Adefumi can state a plausible basis for a claim, he will not be given leave to amend. An appropriate Order follows.

BY THE COURT:

CYNTHIA M. RUFE, J.

5